# Staunton.

## SKEEN *v.* BELCHER.

### September 16, 1920.

1. PLEADING—*Nil Debet—Action on Sealed Instrument.*—The plea of *nil debet* is the general issue in an action of debt on a simple contract, and is not the appropriate plea in an action on an instrument under seal.

2. PLEADING—*Non Est Factum—Evidence Admissible.*—By the plea. of *non est factum*, a defendant alleges that the instrument sued on is "not his deed." Under this plea no defense may properly be given in evidence which does not render the instrument. sued on void.

3. PLEADING—*Plea of Nil Debet—Action on Sealed Instrument—Evidence Admissible.*—Where in an action on a sealed instrument the first plea filed by defendants was *nil debet,* and later one of the defendants filed a plea of *non est factum,* and evidence was introduced over the objection of plaintiffs that was clearly improper under the plea of *non est factum,* and could have been admitted only upon the theory that it was permissible under the accompanying plea of *nil debet,* plaintiffs should have moved to strike out the plea of *nil debet,* and this motion should have been sustained by the court. Had this been done at the proper time, the opportunity would have been afforded the defendants to ask leave to file a proper plea, under which their defense could have been submitted to the jury.

4. DETINUE—*Bond—Liability of Obligors.*—The obligation of a bond executed by the plaintiff and his surety, in an action of detinue, was to pay all costs which might be awarded against the plaintiff in such action, and all damages which might accrue to the defendants in such action, or any other person, by reason of the seizure of the property under the order or process.

   *Held:* That the undertaking was to pay damages only with respect to the property actually seized. As to property not levied upon by the sheriff, there was no liability in damages upon the obligors.

5. DETINUE—*Action on Bond—Return of Sheriff Lost—Controversy as to Property Seized.*—In an action of debt on a bond given by plaintiff in an action of detinue, the sheriff's return in the action of detinue had been lost, and there was a sharply de-

fined and positive controversy as to the contents of the return, plaintiffs in the action of debt claiming that the return showed that all the property for which the action of detinue was brought was levied on, which was denied by testimony of defendants. The inquiry in this connection was not whether a sheriff's return could be attacked, but what was the return actually made by the sheriff?

*Held:* That the issue of fact over the return was an issue on the merits that should have been submitted to the determination of a jury, under appropriate pleadings and properly guarded instructions.

6. INSTRUCTIONS—*Misleading and Conflicting Instructions—Action of Debt on Bond Given by Plaintiff in Detinue.*—In an action of debt on a bond given by plaintiff in an action of detinue, the sheriff's return in the action of detinue had been lost. A clear issue of fact was presented, involving the determination of the return and the property levied on by the sheriff.

*Held:* That an instruction, carrying the implication that the return was established, and instructing the jury that it could not be attacked, was plainly misleading, serving only to bewilder and confuse the jury. The instruction was also in obvious conflict with other instructions in the case, which advised the jury that if they believed that certain property was not levied on, and the return on the process was to that effect, they should disregard that property in any estimate of damages.

7. APPEAL AND ERROR—*Instructions—Harmless Error—Error in Instructions Upon Evidence Not Warranted by the Pleadings.*— In an action of debt on a bond given by plaintiff in an action of detinue, the record showed that the defendants had a substantial defense which had not been properly submitted to the jury. This could be done under proper pleadings and appropriate instructions. It was suggested that under the pleadings all evidence as to this defense might have been excluded, and instructions therefore, empowering the jury to consider it, were improper, and therefore, although erroneous, could not be considered prejudicial to the defendants.

*Held:* That the error in the instructions was not harmless, as it could not be said that the judgment, in spite of errors actually committed, was, after all, the finding that, upon the whole, should have been rendered upon the merits.

Error to a judgment of the Circuit Court of Dickenson county in an action of debt. Judgment for plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Chase & McCoy* and *A. A. Skeen,* for the plaintiff in error.

*S. H. & Geo. C. Sutherland,* for the defendants in error.

SAUNDERS, J., delivered the opinion of the court.

Stuart P. Johnson brought an action of detinue in the Circuit Court of Dickenson county against William and Nicy Belcher to recover certain logs and lumber which he claimed. In connection with this action he executed the bond provided for by the Code, in the sum of $10,000, with John M. Skeen as his surety, and secured an order directing the sheriff to seize the property described in the summons. The sheriff executed the order of seizure, but there is a controversy as to the property actually seized, and also as to the contents of the return on the process. This controversy is made possible by the loss of the original papers.

Upon the trial of the action of detinue, the plaintiff took a non-suit. Thereafter William and Nicy Belcher instituted three separate actions on the seizure bond—one for the benefit of the plaintiffs, one for the benefit of a man named Potter, and the third for the benefit of one Marion Ramey. The first action was adjusted and dismissed. The declarations in the other actions were lost, and at the March term, 1917, of the court these declarations were supplied. By agreement the two cases were tried together, resulting in verdicts and judgments, respectively, for Potter and Ramey. The order book of the trial court shows that on March 21, 1917, the defendants pleaded *nil debet.* Later, in 1919, the defendant, John M. Skeen, filed a plea of *non est factum.*

After the rendition of the verdicts above mentioned, the defendants moved the court in arrest of judgment, and to

set aside the verdicts of the jury and grant new trials, on the grounds, first, of misdirection of the court to the jury as to the law, and, second, because the verdict was contrary to the law and the evidence.    The court overruled these motions.    Thereupon the defendant, John M. Skeen, applied for and secured a writ of error and supersedeas from one of the judges of this court.

The petition charges that the trial court erred in three respects—

First: In the instructions given upon the motion of the plaintiffs;

Second: In refusing to give instructions asked by the defendant;

Third: In refusing to set aside the verdict and grant petitioner a new trial.

[1-4] This case seems to have been very loosely and carelessly tried and in a fashion which has failed to secure a decision on the merits.    The action was on a sealed instrument.    The first plea of the defendants was *nil debet.* This, of course, is the general issue in an action of debt on a simple contract, and is not the appropriate plea in an action on an instrument under seal.    The record does not show any exception on the part of the plaintiffs to the reception of this plea of *nil debet,* or any motion to strike it out.    Apparently, the theory of the defendants with respect to this plea was that they would be permitted to make such defenses under it as are permitted in a case in which the plea is the appropriate general issue.    In this view the trial court appears to have concurred since it permitted evidence to be introduced that was clearly improper under the plea of *non est factum,* and could have been admitted only upon the theory that it was permissible under the accompanying plea of *nil debet.*    By the plea of *non est factum,* a defendant alleges that the instrument sued on is "not his deed."    Under this plea no defense may

properly be given in evidence which does not render the instrument sued on void. Not only did the court admit this evidence, some of which was objected to by the plaintiffs, but later overruled plaintiffs' motions to strike out the evidence which had been improperly admitted. The plaintiffs, on their part, should have moved to strike out the plea of *nil debet,* and this motion should have been sustained by the court. Had this been done at the proper time, the opportunity would have been thereupon afforded to the defendants to ask leave to file a proper plea, under which their defense could have been submitted to the jury. The obligation of the bond upon which the action of debt was brought, was to the effect that the obligors would pay all costs against the plaintiffs in the action of detinue, and all damages which might accrue to the plaintiffs in the actions of debt, or to any other person by reason of the *seizure* of the *property* indicated in the order and process in the action of detinue. The defense sought to be made, the evidence in relation to which was admitted by the court and retained in the record, was in part that some of the lumber was damaged before it was seized, and in other part that the sheriff had actually taken into possession only a portion of the property indicated and described in the action of detinue. Of course, the undertaking of the bond was to pay damages only with respect to the property actually seized—As to property not levied upon by the sheriff, there was no liability in damages upon the obligors in said bond.

[5] There is a sharply defined and positive controversy over the sheriff's return upon the process in the action of detinue. This process, like the declarations in the actions of debt, has been lost, and it was necessary for the plaintiffs to establish the return by secondary evidence. S. H. Sutherland, of counsel for Belcher and wife, testifying as a witness in the case, states that he "examined the process,

and the sheriff's return showed that the property for which the action was sued out was levied on." This statement as to the character of the return and the property thereby shown to have been levied upon is flatly contradicted by A. A. Skeen, of counsel for the defendants, and by Allen Mullins, the deputy sheriff who executed the process.

The following extracts from the testimony of Skeen and Mullins, given on the trial, will clearly bring out the conflict between these witnesses on the one hand, and Sutherland on the other, over this vitally important question of the contents of the sheriff's return. The vitally important inquiry in this connection is not whether a sheriff's return can be attacked—a question on which there is much citation of authority in the petition and briefs—but what was the return actually made by the sheriff.

A. A. Skeen testified as follows:

Q. State whether or not you recollect the sheriff calling on you to help him make the return; if so, what was done by you?

A. My recollection is that his statement that I made the return for him is correct * * * I think that he stated to me that he only took charge of this lumber, and gave me his reasons for it, and that was all he took in charge, and I so stated in the return, is my recollection of it.

Q. Is that the lumber at the Tower's siding?

A. Yes, I think he stated the facts in regard to his conduct in regard to the matter, as he did here. I think he stated it to me at that time.

On cross-examination of the witness the following occurred:

Q. You do not know whether the sheriff afterwards came back and amended the return to show that he took all the property in possession?

A. I didn't know of it. I know that if he did take it in possession it was contrary to our instructions. * * *

We wanted to take charge of the property at Tower's siding, and did not want to take the other.

It may be stated at this point that some of the property described in the action of detinue was at Tower's siding, on the railroad, and another portion of it was at a mill, distant a mile and a half or two miles from the siding.

The testimony of the sheriff who executed the process is in part as follows:

Q. Mr. Mullins, were you the deputy sheriff in August, 1916, of this county?

A. Yes, sir.

Q. Did you execute the process in the action of detinue of *Skeen* v. *Belcher?*

A. Yes.

Q. Upon what did you levy your process?    In other words, what part if any of the property involved in the action of detinue did you take in charge?

Mr. Sutherland:   We object because he said he executed the process.   It is a question of his return, not what he done, what the return shows.

The Court:   Ask him what the return shows.

Q. Did you make a return of the process in that case?

A. Well, I served the notice on that lumber was there and made a correct return of it, on what was at the river.

Mr. Sutherland:   We object and move to strike out the answer of the witness.

The Court:   What was in the return?

A. As well as I recollect, it showed that I levied on what lumber was there at the mill.

Q. At the mill?

A. At the Tower's siding.

Q. As a matter of fact, what part of this property, if any, did you take in charge?

Mr. Sutherland: Objected to because they are bound by the return.

The Court: You can ask him whether that covered part or all, but that return is what you have to go by.
Q. State whether or not you took in charge any part of that property other than the lumber at Tower siding?
A. No, sir.

Mr. Sutherland: Your Honor please, it is not a question of what he done, but what the return shows.

The Court: There is no contention that he took any lumber that he did not levy on.

Judge Skeen: I want to show what property he took in charge, I want to show what part he took in charge.

Mr. Sutherland: His return is the only evidence of that.

Judge Skeen: There seems to be a dispute about what the return was; he said he returned what he did, and I want to show what he did as showing what his return was.

By the Court:
Q. You returned what you did?
A. Yes.
Q. Do you know what you did?
A. Yes.
Q. Go ahead and state?
A. I levied on what lumber there was at Tower's siding and that was all.

By Judge Skeen:

Q. Did you ever go on that trip near to that mill than something like a mile or mile and a half or two miles?

A. Well, I expect it was a mile and a half or two miles from where I was to the mill.

Q. State whether or not you did anything or had anything to do with any property around there other than the lumber at Tower's siding?

A. No, sir.

### Cross-Examination.

By Mr. Sutherland:

Q. What was in your process, what did it direct you to do?

A. I don't remember.

Q. How do you remember anything else about it?

A. Well, Johnson was with me, and he said that was all he wanted me to levy on  *  *  *  .

Q. You made a return that you levied on the property mentioned in the writ?

A. The lumber as well as I remember at the river, Tower's siding.

Q. Didn't you make your return that you executed that writ by taking into possession the property mentioned in the within writ?

A. No, sir, I think not.

Q. Did you write your return?

A. No, sir.  I had Judge Skeen write it for me  *  *  *  .

Q. You never went any further than Tower's siding?

A. No, sir.  I crossed the river and crossed back.

Q. You know what your return shows?

A. Yes.

Q. How do you remember that?

A. I had Judge Skeen to write it as well as I remember. He wrote it for me and I told him what I levied on. I told him to write the return the way I levied.

Q. Did you read it?

Mr. Sutherland: We object to all of this testimony. He does not know what was in it.

The Court: You need not speak of the return, if you do not know what was in the return itself.

Judge Skeen: * * * I believe Stuart P. Johnson you stated was with you at the time you took in charge this lumber at Tower siding?

A. Yes, sir.

Q. State whether or not at that time he directed you not to take in charge anything else other than that lumber?

A. Yes, sir.

Objected to. Objection overruled. Exception by the plaintiff.

The defendants also submitted evidence to show that some of the lumber actually seized was damaged before it was hauled from the mill to Tower's siding. To this evidence the plaintiffs objected on the ground that it was not proper under the pleadings. This objection was overruled. There was no objection made to Skeen's testimony, and the objections made in the course of the testimony of the deputy sheriff apparently were made upon the theory that the defendants were bound by the return, and that this testimony was an attack upon that return. As pointed out, *supra*, the return was lost, and it was primarily necessary to establish that return. The plaintiffs seemed to think that the testimony of Sutherland irrefutably established the return and completed the record. The following appears in the testimony of the witness Potter:

Q. At the time this property was seized and taken into possession, I will ask you to tell the jury how much of it, if any, had been manufactured into lumber.

Judge Skeen: We object to that; there is no evidence of seizure·or taking this property into possession.

Mr. Sutherland: I testified to that, that the sheriff's return showed that. That is the record and is. conclusive.

After Skeen, Mullins and others had testified, counsel for plaintiffs moved to strike out all the evidence submitted by defendants with reference to the return, "because under the pleadings they were not entitled to it." This motion was overruled and exception noted. Later when the evidence was concluded, counsel again moved to strike out all the evidence which tended to contradict or vary the officer's return. This motion was overruled and exception noted.

Of course, if this evidence was proper under the pleadings, it did not vary or contradict the officer's return, but raised an issue as to what was the actual return. According to the contention of the defense, a contention sought to be established by testimony, the actual return of the sheriff showed that his levy, or seizure, was limited to the lumber at Tower's siding. In the view of the plaintiffs, the actual return showed, as testified to by the witness Sutherland, that both the lumber at the mill and at the siding was seized.

The issue of fact over the return is an issue on the merits that should be submitted to the determination of a jury, under appropriate pleadings and properly guarded instructions.

[6] The trial court gave the following instructions, which, upon the evidence before the jury, were confusing and misleading.

Instructions Nos. 1 and 2, given on the motion of the plaintiffs, were to the effect that if the jury believed·from

a preponderance of the evidence that the sheriff actually seized the property directed to be seized, then they should find a verdict for appropriate damages in favor of the plaintiffs.

Instruction No. 4, given on motion of the defendants, and instruction 5-a, which was an instruction asked for by the defendants and modified by the court, are as follows:

4. "The court instructs the jury that the defendant, John M. Skeen, as surety on the bond signed by him, only became liable for damages resulting to, on account of, or caused by the seizure of the property taken into custody by the sheriff, and unless they believe by a preponderance of the evidence that property other than the lumber at Tower siding and on the island near thereto was actually taken into custody by levy and seizure, as alleged in plaintiff's declaration, by the officer, then Adam Potter will be confined to his actual damage sustained by the seizure of said lumber at Tower siding and on the island near thereto."

5-a. "The court tells the jury that it is incumbent upon the plaintiff to prove by a preponderance of the evidence that a levy and seizure of the property was made as alleged in his declaration, and that to constitute a levy, the officer making it must have had the property in his power and view, and the plaintiff is not entitled to recover damages on account of any property which the jury may believe from the evidence was not in the power and view of Allen Mullins, who made the levy, when the levy was made by him."

Under these instructions the jury were empowered to consider the evidence of Skeen and Mullins, and if they gave credence to their testimony, and believed that the sheriff did not go beyond Tower siding and the island, and as a matter of fact did not levy on the lumber at the mill, and his return was to this effect, conforming to and showing what he actually did, they were directed to disregard in their estimate of damages all of the property at the mill,

even though that property had been indicated in the original memorandum on the process. But after submitting to the jury by these instructions the consideration of the evidence of the defense relating to the precise extent and character of the sheriff's return, the court gave the following instruction on the motion of the plaintiffs:

"The court tells the jury that in this case, as a matter of law, the return of the process of seizure or levy by Allen Mullins, deputy sheriff, is conclusive as to what property was seized or levied on in the action of detinue."

This instruction conveyed but one meaning to the jury, and that was that they should regard the testimony of Skeen and Mullins as attacks upon the return and therefore not to be considered. The witness, Sutherland, had already testified that the sheriff's return showed that all of the property directed to be levied on had been seized. In his opinion, as cited *supra*, "That was the record, and it was conclusive." The unvarying attitude of counsel for the plaintiffs throughout the trial had been, that all evidence of the defense with reference to the return, and all evidence tending to contradict the officer's return, "showing what was levied upon," was improper and should be stricken out. Formal motions to that effect had been made and overruled. With all of this in mind, how else could the jury interpret instruction three, save as a direction from the court to consider the testimony of Sutherland as conclusively establishing the return, and therefore fixing beyond controversy the property levied on in the action of detinue, and the consequent liability of the defendants? As a matter of fact, the sheriff's return was not before the jury. Both parties were seeking to establish their contentions as to that return by secondary evidence. If the jury believed the witness Sutherland, they of necessity rejected the testimony of Skeen and Mullins. On the other hand, if credence was extended to the latter, they rejected the testimony of Sutherland. A

clear issue of fact was presented, involving the determination of the return, and not an attack upon the return. An instruction carrying the implication that the return was established, and instructing the jury that it could not be attacked, was plainly misleading, serving only to bewilder and confuse. It was in obvious conflict with instruction No. 4 and instruction No. 5-a, by which the jury was in substance advised that if they believed the testimony of Skeen and Mullins that the lumber at the mill was not levied on, and the return on the process was to that effect, they should disregard this lumber in any estimate of damages.

[7] It may be suggested that under the pleadings the court should have excluded all of the evidence of the defendants relating to the return, and on the question of damages, thereby leaving in the record only the plaintiffs' evidence and that of the defendants in support of the plea of *non est factum.* In that view of the situation, the action of the court with respect to the instructions given would not be considered prejudicial to the defendants, since *strictissimi juris* they were not entitled to be heard with respect to the return, or in the matter of damages, and instructions apparently empowering the jury to consider those matters were improper.

We are not unmindful of the familiar and well established doctrine of harmless error, a doctrine which is designed to support a verdict, or a judgment, which, in spite of errors actually committed, is, after all, the finding that upon the whole should have been rendered upon the merits. But this is not a case of that character. The record shows that the defendants have a substantial defense which has not been properly submitted to the jury. This can be done under proper pleadings and appropriate instructions. If, as a matter of fact, the sheriff did not levy on the lumber at the mill and his return was to that effect, and a jury having heard the evidence should so decide, the plaintiffs

are not entitled to have this lumber considered as an element of damage. Dealing with this and like cases, courts should be more concerned to direct procedure so that justice may be done and controversies tried on their merits than with the maintenance of technical niceties, to the detriment of the "weightier matters of the law."

In our opinion this case should be reversed, remanded in order that the pleadings may be completed, and the case tried in accordance with the principles herein announced; and it is so ordered.

*Reversed.*